IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:19-mc-3869-WKW-WC |
| QUANESHA JOHNSON, | ) |
| Defendant, | ) |
| LEAR CORPORATION, | ) |
| Garnishee. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.   INTRODUCTION**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 8).

**II.   DISCUSSION**

Before the court is Defendant Quanesha Johnson's *Motion for a Hearing* (Doc. 7) to object to the Government's *Application for Writ of Garnishment* (Doc. 1) and the Government's *Response* (Doc. 10). On August 8, 2019, the court granted Ms. Johnson's motion and held a hearing on August 21, 2019.

In her motion, Ms. Johnson simply requested a hearing with no further discussion or details regarding her objection. After a writ of garnishment is requested, a judgment

debtor has two separate avenues to object and request a hearing. Pursuant to 28 U.S.C.A. § 3205, a judgment debtor may object in writing and request a hearing:

> **Objections to answer.**--Within 20 days after receipt of the answer, the judgment debtor or the United States may file a written objection to the answer and request a hearing. The party objecting shall state the grounds for the objection and bear the burden of proving such grounds. A copy of the objection and request for a hearing shall be served on the garnishee and all other parties. The court shall hold a hearing within 10 days after the date the request is received by the court, or as soon thereafter as is practicable, and give notice of the hearing date to all the parties.

28 U.S.C.A. § 3205(c)(5) (West). The Government does not dispute that the motion was timely filed, but rather argues that Ms. Johnson "has not stated any grounds for her objection" and she is not entitled to a hearing because she "will not be able to meet her burden to contest the Writ." Doc. 10 at 4–5.

Although the court agrees with the Government that Defendant failed to properly state the grounds for her objection and was not due a hearing under section 3205, 28 U.S.C.A. § 3202 provides judgment debtors another option to object to a writ of garnishment. Section 3202 provides:

> **Hearing.**--By requesting, within 20 days after receiving the notice described in section 3202(b), the court to hold a hearing, the judgment debtor may move to quash the order granting such remedy. The court that issued such order shall hold a hearing on such motion as soon as practicable, or, if so requested by the judgment debtor, within 5 days after receiving the request or as soon thereafter as possible.

28 U.S.C.A. § 3202(d) (West). However, under section 3202, the basis for objection available to the judgment debtor is limited. Pursuant to section 3202, the "issues at such hearing shall be limited" to:

>**(1)** to the probable validity of any claim of exemption by the judgment debtor;
>
>**(2)** to compliance with any statutory requirement for the issuance of the post judgment remedy granted; and
>
>**(3)** if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to—
>
>>**(A)** the probable validity of the claim for the debt which is merged in the judgment; and
>>
>>**(B)** the existence of good cause for setting aside such judgment.
>
>This subparagraph shall not be construed to afford the judgment debtor the right to more than one such hearing except to the extent that the Constitution or another law of the United States provides a right to more than one such hearing.

28 U.S.C.A. § 3202 (West). Accordingly, the court granted Ms. Johnson's motion and held a hearing as soon as practicable. *See* Doc. 11.

During the hearing, Ms. Johnson indicated that she requested the hearing because she objects to the amount being garnished. Under 28 U.S.C.A. § 3205(c)(5), "[f]ederal courts have routinely found that § 3013 and § 3205, read in tandem, confer authority for district courts to modify or reduce garnishment orders based on a judgment debtor's individual circumstances." *United States v. Woods*, No. CRIM. 97-0157-WS-C, 2010 WL 4386900, at *2 (S.D. Ala. Oct. 29, 2010) (finding that the judgment debtor is entitled to a hearing to argue that "25% of his disposable earnings is inequitable or excessive based on his individual circumstances"); *see also United States v. Crowther,* 473 F. Supp. 2d 729, 731 (N.D. Tex. 2007) (holding that under § 3205(c)(5), "the Court has the discretion to consider an objection that a garnishment of 25% of disposable earnings is inequitable under

3

the judgment debtor's individual circumstances"); *United States v. George,* 144 F. Supp. 2d 161, 164 (E.D.N.Y. 2001) ("a 25% garnishment of disposable income (as opposed to any lesser amount) is not mandatory, and the court may properly consider the circumstances of this individual garnishee," as nothing in statutory language "mandates a garnishment of a particular amount").

However, under section 3205, "[t]o properly place the objection before the court, the objecting party must 'state the grounds for the objection' in writing and serve a copy of the objection, along with a request for a hearing, on all parties." *Crowther,* 473 F. Supp. 2d at 731 (quoting 28 U.S.C.A. § 3205(c)(5)).  As previously stated, Ms. Johnson filed her motion stating, in full, "I Quanesha Johnson request a hearing." Doc. 7.  This single sentence clearly does not set forth her grounds for objection.  As a result, Ms. Johnson is unable to proceed with her objections under section 3205.

Thus, Ms. Johnson's objections must proceed under 28 U.S.C.A. § 3202, which only allows a judgment debtor to raise the issues specifically enumerated in subsections (d)(1)–(B) as outlined above.  During the hearing, the court outlined the bases for objection that are available to Ms. Johnson.  However, Ms. Johnson indicated that she does not intend to raise any objections under 28 U.S.C.A. § 3202(d)(1)–(B).  Therefore, Ms. Johnson's failure to state the grounds for her objection based on the amount being garnished is "fatal under section 3205(c)." *Crowther,* 473 F. Supp. 2d at 732.  Therefore, the court finds that Ms. Johnson's objection was procedurally defective and due to be overruled.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the judgment debtor's objection be OVERRULED.

It is further ORDERED that on or before **October 30, 2019**, Plaintiff may file an objection to the Recommendation. Any objection must specifically identify the findings in the Recommendation to which Plaintiff objects. Frivolous, conclusive, or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 16th day of October, 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE